## Sadler *against* Slabaugh.

An amicable action, before a justice of the peace, between the obligee and one co-obligor in a joint and several bond, in which the justice entitles the suit against both obligors, and a confession of judgment by the one obligor, will not, in an action against the other co-obligor, who was a surety, support the plea of a former recovery.

ERROR to *Adams* county.

Debt on bond by Henry Slabaugh against William Sadler, co-obligor in a joint and several bond with William B. M'Grew. The defence relied upon was a former recovery, to support which there was given in evidence a transcript from the docket of a justice, of an amicable action on the same bond on which this suit was brought, the style of which was, Henry Slabaugh against William B. M'Grew and William Sadler, to which William B. M'Grew appeared before the justice and confessed a judgment for the amount due; a transcript of which was afterwards filed in the common pleas. The court below was of opinion, that this was an action and judgment against M'Grew alone, and not available to Sadler in this action, upon his plea of a former recovery. The fact of his being a surety did not alter the case.

*Stevens*, for plaintiff in error, cited, M'Fall *v.* Williams, 2 *Serg. & Rawle* 280; Downey *v.* The Greencastle Bank, 13 *Serg. & Rawle* 288.

*Miller*, contra, referred to the act of the 6th of April 1830, section second, *Purdon's Dig.* 481.

PER CURIAM.——Objections to the irregularity of the pleadings being waived, the cause presents no difficulty. The action before the justice was essentially several. Only one of the defendants appeared before him, and in a matter to which his jurisdiction, to affect both, could be extended but by the consent of both; and but one of them confessed the judgment. The action, however, was entitled as against both; and hence it is supposed the judgment must be taken as against both. It is rendered, however, distinctly against the one; and had it been rendered otherwise upon the confession of but one, the whole would have been void for excess of jurisdiction, and that would have been equally fatal to the plea. So the institution of an action against both on the submission of but one, would make the whole a nullity. The entitling of the action against both was an error of practice such as we are often compelled to disregard,

II.——K

[Sadler v. Slabaugh.]

in the proceedings of justices, in order to reach the merits. The defence on the ground of a former recovery, therefore, was not sustained.

Judgment affirmed.